UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MCKINNEY,

        Petitioner,

v.                                                  Case Number 04-10061
                                                     Honorable David M. Lawson

MARY BERGHUIS,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Clarence McKinney, currently confined at Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted by a jury of two counts of indecent exposure, Mich. Comp. Laws § 750.335a, and pleaded guilty to being a sexually delinquent person, Mich. Comp. Laws § 750.10a, in the Oakland County, Michigan circuit court in 1999. He was sentenced to two concurrent, indeterminate terms of one day to life imprisonment. The petitioner alleges that he is in custody in violation of his constitutional rights because he was denied. The respondent filed a response to the petition asserting that some of the claims are unexhausted and the rest lack merit. The Court finds that although some claims were not exhausted in the state court, the petition lacks merit so the exhaustion requirement will be excused. The petition will be denied.

I.

The petitioner's convictions arise from his improper sexual conduct at the Abbey Theater complex in Madison Heights, Michigan on July 5, 1998. The testimony at trial revealed that the petitioner exposed himself and masturbated in two theaters that afternoon. He was observed by two women and a sixteen-year-old girl who reported his activities to a security guard. The security

guard detained the petitioner until the police arrived and arrested him. The petitioner did not testify at trial. The jury found the petitioner guilty of both counts of indecent exposure.

The petitioner then pleaded guilty to being a sexually delinquent person, as that term is defined in Michigan Compiled Laws section 750.10a, on each of the exposure counts. In doing so, he stipulated to his prior record of three felonies and twenty-two misdemeanors, which include ten prior convictions for indecent exposure, as well as convictions for obscene conduct, window peeping, prowling on private property, and trespassing. Two of the petitioner's prior indecent exposure convictions include convictions for being a sexually delinquent person.

The trial court initially sentenced the petitioner to a term of two years to life in prison. On his first direct appeal, however, the Michigan Court of Appeals remanded the case to the trial court for resentencing. The trial court then resentenced the petitioner to two concurrent terms of one day to life in prison as prescribed by Michigan Compiled Laws section 750.335a.

The petitioner filed another appeal as of right with the Michigan Court of Appeals asserting the following claims:

> I. Since Mr. McKinney did not have a hearing relative to sexual delinquency as required under MCLA 767.61A after he entered his guilty plea and before he was sentenced, the court must set aside his sentence and remand for a hearing based on the conditions set forth under MCLA 767.61A and under the federal and state guarantees to due process and a fair hearing.
>
> II. The trial judge abused his discretion, which requires a remand for resentencing, when he did not indicate whether he knew he had discretion to sentence Mr. McKinney to one year in the county jail or a $500.00 fine, or as a sexually delinquent person which calls for indeterminate sentence of one day to life, when he imposed Mr. McKinney's sentence after remand contrary to the federal and state constitutions.
>
> III. Since the trial judge abused his discretion by not articulating the reasons why he sentenced Mr. McKinney to one day to life rather than one year in the county jail or a fine up to $500.00 on the record, the court must remand to the

> circuit court for resentencing for a creation of a sentencing record so Mr. McKinney will know why the trial judge chose the one day to life option and so Mr. McKinney will not be denied effective assistance of appellate counsel and a proper appellate review of his sentence pursuant to the federal and state constitutions.

The Michigan Court of Appeals affirmed the petitioner's convictions and sentence. *People v. McKinney*, No. 228549, 2002 WL 652100 (Mich. Ct. App. Apr. 19, 2002) (unpublished).

The petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court raising the same claims, plus new claims that his attorneys were ineffective and his sentence amounted to cruel and unusual punishment. The Michigan Supreme Court denied leave to appeal. *People v. McKinney*, 468 Mich. 851, 658 N.W.2d 488 (2003). The court also denied his request for reconsideration. *People v. McKinney*, 468 Mich. 851, 662 N.W.2d 753 (2003).

The petitioner thereafter filed the present petition for writ of habeas corpus, raising the following claims:

I. The trial court did not conduct a sexual delinquency hearing and failed to inform the petitioner properly regarding the charge and the consequences of the plea.

II. The trial judge was not fully aware of all the sentencing options.

III. The trial court failed to articulate a reason for the sentence he chose and relied on inaccurate information in choosing the sentence.

IV. The three attorneys who represented the petitioner at various proceedings, Lawrence Kaluzny, Gary Kohut, and David Newman, provided ineffective assistance, and the trial judge, Steven S. Andrews, made a variety of errors.

V. The petitioner's sentence of one day to life is disproportionate to the offense and constitutes cruel and unusual punishment.

The respondent has filed an answer to the petition asserting that it should be denied for lack of merit. The respondent also raises an exhaustion defense. The petitioner has filed a reply to that answer as

well as documents labeled "Supplemental Information," "Additional Vital Information," "Updated Message and Information," "Additional Updated Information," "Discriminatory Punishment and Vengeance," and "Exploitation."

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)). Additionally, this

Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

> clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle*, 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

Federal courts may not grant a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The respondent argues that the exhaustion requirement is not satisfied in this case because several of the petitioner's habeas claims were not presented to the state courts on appeal. Although normally the failure to exhaust state court remedies requires dismissal of the entire petition, *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)), the failure to exhaust state remedies is not an absolute bar to adjudication when, as here, the federal claims lack merit and requiring additional proceedings in state court would waste time and judicial resources. *Id.* at 333; *see also* 28 U.S.C. § 2254(b)(2). The Court therefore will excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of the petitioner's claims.

A.

The petitioner first claims that he is entitled to habeas relief because he was not afforded a hearing relative to his sexual delinquency convictions as required by Michigan Compiled Laws section 767.61A. The respondent contends that this claim constitutes a state law issue, which is not cognizable upon habeas review. This Court agrees.

The alleged failure to comply with state law does not amount to a cognizable claim on habeas review. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). The Court may grant a writ of habeas corpus only on the ground that the petitioner "is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004). Because the petitioner in this case asserts that the trial court violated Michigan law in denying him a sexual delinquency hearing, his claim is not cognizable on federal habeas review. *See Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003). The petitioner has neither sufficiently alleged nor established a violation of his federal constitutional rights. Habeas relief is therefore not warranted on this claim.

B.

The petitioner next asserts that he is entitled to habeas relief because the trial court erred at sentencing by failing to recognize that it had discretion to sentence him to a term other than one day to life in prison. The petitioner also asserts that the trial court failed to articulate the basis for his sentence. The respondent contends that these claims are not cognizable on habeas review and lack merit.

Wide discretion is accorded a state trial court's sentencing decision. Claims arising out of that decision are not generally cognizable upon federal habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See, e.g., Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Although the petitioner cites the federal constitution in his pleadings, his arguments concerning these issues are based on state law. Because the petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68; *Pulley*, 465 U.S. at 41; *Branan v. Booth*, 861 F.2d 1507,

1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures"); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992) (same).

Moreover, the petitioner's assertions are belied by the record. As noted by the Michigan Court of Appeals, the sentencing hearing transcripts indicate that the trial court was aware of its options at the time of sentencing and that the court sufficiently articulated the reasons for its sentencing decision, including the nature of the offenses and the petitioner's lengthy criminal record of similar offenses:

> The record does not support defendant's argument that the circuit court was unaware of the discretion it could exercise in sentencing defendant. Statements on the record at defendant's two sentencing hearings show that the court was aware of all sentencing options. *People v. Kelly*, 186 Mich. App 524, 531; 465 NW2d 569 (1990). At sentencing the court cited defendant's status as a sexual delinquent, his long history of involvement with the criminal justice system, and his continued commission of similar crimes despite repeated efforts to treat him. The circuit court did not fail to articulate its reasons for the sentence imposed.

*People v. McKinney*, 2002 WL 652100, at *1. Habeas relief is not warranted on these claims.

C.

The petitioner has asserted that both his trial counsel and appellate counsel were ineffective. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if counsel's representation falls below an "objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must demonstrate that counsel's performance was deficient and the deficient performance prejudiced the appeal. *Ibid.* A court evaluating a claim of ineffective assistance of appellate counsel should consider several factors to determine whether counsel's performance fell below an objective standard of reasonableness, including:

1. Were the omitted issues "significant and obvious?"
2. Was there arguably contrary authority on the omitted issues?
3. Were the omitted issues clearly stronger than those presented?
4. Were the omitted issues objected to at trial?
5. Were the trial court's rulings subject to deference on appeal?
6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
7. What was the appellate counsel's level of experience and expertise?
8. Did the petitioner and appellate counsel meet and go over possible issues?
9. Is there evidence that counsel reviewed all the facts?
10. Were the omitted issues dealt with in other assignments of error?
11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999); *see also Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006). Appellate counsel need not raise every nonfrivolous argument on direct appeal, but he or she must exercise reasonable professional judgment. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). When ignored issues are clearly stronger than those presented, the presumption of effective assistance of appellate counsel is overcome. *Ibid.* A petitioner is prejudiced by appellate counsel's deficient performance if a reasonable probability exists that, but for counsel's deficient performance, he would have prevailed on appeal.

1.

The petitioner represented himself at trial with attorney Lawrence Kaluzny providing stand-by assistance. Mr. Kaluzny represented the petitioner at his first sentencing, and attorney Gary Kohut represented the petitioner at his re-sentencing. The petitioner claims that Mr. Kaluzny was ineffective in his cross-examination of witnesses, his presentation of an expert defense witness, his failure to disclose the presentence report, and his failure to show the petitioner the presentence report. The petitioner claims Mr. Kohut was ineffective by failing to correct the presentence report and by making an inadequate argument at re-sentencing.

The trial transcript reveals that the petitioner decided to represent himself due to disagreements with Mr. Kaluzny about trial strategy. The petitioner therefore examined the witnesses himself. There is very little in the record to explain the disagreement between the petitioner and his trial attorney. Just before the trial began, Mr. Kaluzny told the court the following:

> Mr. McKinney has indicated this morning that he listened to what the Court had said as far as representing himself and now believes that maybe I should represent him.

> I have been around for 26 years, I kind of expected that, Judge, so I'm not unprepared to try this case. I am prepared.
>
> Mr. McKinney and I have a little difference in philosophy on how the case should be tried. I need approximately a half hour to go over with him to make sure that he wants me to try the case, that there's certain legal things that I think should be done in the case. If he doesn't agree with that, then he's going to have to make a decision whether he's trying it or I'm trying it.

Trial Tr. 3-4, Feb. 12, 1999. After the petitioner and Mr. Kaluzny discussed the matter, the petitioner decided to represent himself at the trial. The petitioner has never claimed that he was not competent to do so.

The Sixth Amendment guarantees a criminal defendant the right to represent himself. *Faretta v. California*, 422 U.S. 806, 832 (1975). "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.* at 835; *Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001). A criminal defendant who "has waived his right to counsel . . . cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel." *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *see also Gall v. Parker*, 231 F.3d 265, 320 (6th Cir. 2000) (holding that petitioner had no ineffective assistance claim where he chose to represent himself), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003). To the extent the petitioner complains about ineffective assistance during the trial itself, the petitioner is not entitled to relief because he represented himself.

Mr. Kaluzny did represent the petitioner at his first sentencing hearing, and Mr. Kohut represented the petitioner at his re-sentencing. The petitioner claims that Mr. Kaluzny was ineffective because he failed to show the petitioner the presentence report. The petitioner asserts

that Mr. Kohut was ineffective for failing to make corrections to the revised presentence report and for failing to argue vigorously at the re-sentencing.

The petitioner is not entitled to relief on his claim regarding Mr. Kaluzny's assistance for sentencing because he cannot show prejudice. The petitioner's initial sentence was vacated pursuant to a stipulation between the petitioner and the prosecutor, and the case was remanded for re-sentencing. Therefore the petitioner was not prejudiced by any error committed by Mr. Kaluzny at his first sentencing. *See Strickland*, 466 U.S. at 687.

The transcript from the second sentencing indicates Mr. Kohut told the Court that the presentence report did not contain any errors. The petitioner claims, however, that the report does contain errors and that Mr. Kohut was ineffective for failing to correct them. The petitioner has submitted a form affidavit swearing that certain information in the report is incorrect:

> 3. The first error in the record of this case appears in the Pre-Sentence Inv:
> a.) On page 2 of the above pleading, PSIR or transcript, it states: numerous attempts at treatment have been tried since 1973 but the defendant continues to become involved in these criminal behaviors.
> b.) That information is incorrect because: where did I get all this treatment. This implies that I'm not amenable to it so therefore incarceration is the only alternative.
> c.) The correct information can be found at: by me saying to probation agent Genovese I went to Kirwood Mental Health in 1986 and Sinai in 1998. I specifically told him drug treatment only in 1973.
> 4. The next error in the record of this case appears in the Pre-Sentence Inv.:
> a.) On page 4 of the above pleading, PSIR or transcript, it states: that I sat next to Amanda Ming and masturbated and the defendant was arrested.
> b.) That information is incorrect because: the police report and court testimony say she was behind me plus I didn't masturbate or neither did I get arrested on that date 7/5/98.
> c.) The correct information can be found at: police report, court testimony, and proof of incarceration date.
> 5. The next error in the record of this case appears in the Pre-Sentence Inv:
> a.) On page 4 of the above pleading, PSIR or transcript, it states: That I accepted responsibility and apologized for the information in the first paragraph on this page which includes a minor.

b.) That information is incorrect because I did not accept responsibility to sitting next to a minor or neither did I get arrested on that date 7/5/98.

c.) The correct information can be found at: the sentencing date 3/2/99 on p.4 where I accepted responsibility to the true facts and proof of incarceration for my arrest 7/17/98.

6. The next error in the record of this case appears in the Pre-Sentence Inv.:

a.) On page 16 of the above pleading, PSIR or transcript, it states: that I had numerous opportunities at mental health treatment for this abnormal behavior which lists some in 1986 and 98 not 1973 (drug treatment only).

b.) That information is incorrect because: I only stated the Kirwood Mental Health in 1986 and Sinai in 1998. I specifically said I went to the Forensic Center for a 1 day evaluation in 1994 and 1998.

c.) The correct information can be found at: the court transcript on Aug. 18, 1998 (pre-trial) when a motion was granted for evaluation at Forensic by Judge Andrews. However on 11/6/98 I was there only for crime responsibility.

7. The next error in the record of this case appears in the Sentence 3/2/99:

a.) On page 7 of the above pleading, PSIR or transcript, it states: he has had numerous attempts at treatment since 1973 but the defendant continues to become involved in this behavior.

b.) That information is incorrect because: my CCH will clearly show that I was incarcerated 7 out of 9 times including this behavior this time with prison and no factual basis is for this statement.

c.) The correct information can be found at: by what I correctly indicated to agent Genovese and not changed to seem like all of this treatment. In fact all this jail time 5 yrs for th [runs off page].

8. Other facts and information relevant to the motion to remand to correct the record are: On pg. 1 of PSI it says no psychiatric history then it says numerous treatment on p. 16. On pg. 1 it says no employment history and p. 15 it says I worked at GM-MetLife when in fact I worked 3 jobs at my arrest and plus a long history of employment period. I told Genovese this also.

Pet. Ex. J, McKinney Aff.

The petitioner's claim is that Mr. Kohut was ineffective for failing to correct inaccurate information in the presentence investigation report, allowing the trial court to rely on that inaccurate information when sentencing him. A fundamental principle of sentencing holds that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Grayson*, 438 U.S. 41, 50 (1978) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). The Supreme

Court, however, has held that a sentence imposed on the basis of "misinformation of constitutional magnitude" violates due process. *Tucker*, 404 U.S. at 447. A sentence violates due process when it was pronounced "on a foundation [that was] extensively and materially false, which the prisoner had no opportunity to correct." *Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Although the petitioner claims the report has many errors, he cannot show that the Court relied on relied on materially false information when it re-sentenced him. At the resentencing, the state court judge stated:

> Defendant has a long history of involvement with the criminal justice system. He has three prior felony convictions and 22 misdemeanor convictions, most of which are for indecent exposure. His record suggests numerous attempts at treatment since 1973. But the defendant continued to become involved in the criminal justice with these criminal acts. Under the applicable statute a sentence of one day to life in prison is appropriate under these circumstances.

Sent. Hr'g 10, May 30, 2000. It appears from the transcript that the judge chose the sentence due to the petitioner's lengthy criminal record. The petitioner has not submitted any information indicating the court's understanding of his criminal record was incorrect. The petitioner points out that the treatment in 1973 was for a drug problem unrelated to his convictions for indecent exposure and that he did not receive treatment for his sex-based problems until 1978. The sentencing court did not specify what treatment it believed the defendant received as early as 1973. The state court was free to rely on the petitioner's history of drug problems in imposing sentence. *Grayson*, 438 U.S. at 50. Even if the state court erroneously believed that the petitioner had received treatment

in 1973 for his sexual tendencies, such an error was not significant in light of the petitioner's admission that he received treatment in 1978. The petitioner was re-sentenced in 2000. At that time, the petitioner by his own admission had a twenty-two year history of problems related to his sexual tendencies. The state court's sentence was not based on materially false information. The petitioner therefore has failed to show that his attorney was ineffective for failing to correct that information.

The petitioner also claims that Mr. Kohut "[d]idn't make much of a statement at the re-sentencing hearing, but left it up to the defendant." Pet. at 16. However, the transcript of the petitioner's re-sentencing reveals that Mr. Kohut made several arguments on the petitioner's behalf. He argued that a sentence of one day to life gave the parole board too much authority; the crime of indecent exposure is a misdemeanor; and the petitioner had made significant progress while in prison and had apologized to the victims. The petitioner also made a lengthy statement when given the opportunity. The record does not establish that Mr. Kohut's performance was deficient. The petitioner is not entitled to relief on these claims.

2.

The petitioner also asserts that he is entitled to habeas relief because he was denied the effective assistance of counsel on appeal. Mr. Kohut represented the petitioner on his first appeal prior to his resentencing. The petitioner claims Mr. Kohut was ineffective because he did not accept the petitioner's input or allow the petitioner to review the brief before it was filed and did not tell the petitioner where he obtained the information about the events that took place in the theater. The petitioner was represented by David Newman on appeal of his re-sentencing. The petitioner claims Mr. Newman failed to respond to his letters and did not accept his input.

The petitioner is not entitled to relief on these claims because he cannot show prejudice. A petitioner is prejudiced by appellate counsel's deficient performance if a reasonable probability exists that, but for counsel's deficient performance, he would have prevailed on appeal. However, the petitioner has failed to identify a winning argument that his appellate attorneys failed to make. Failing to accept his input alone dies not establish that appellate counsel was ineffective; the petitioner must demonstrate that his input had substance. He is not entitled to habeas relief on this claim.

D.

The petitioner next claims he is entitled to habeas relief due to judicial bias by state trial judge Steven N. Andrews. The petitioner states the judge was biased because one of the complaining witnesses, Patricia May Shafer, was employed by the Oakland County Library Board, and Judge Andrews is chairman of the Board of Trustees of the Oakland County Library Board. The petitioner has not presented this claim to the state courts.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Judicial misconduct claims impugning the impartiality of the judge fall into two categories. One group addresses charges of "judicial bias" stemming from a trial judge's "personal interest" in the outcome of a case, usually derived from some extrajudicial association with the cause or with one of the parties. *See In re Murchison*, 349 U.S. 133, 136 (1955). The second group concerns charges of "judicial misconduct" in which the trial judge is accused of conducting the proceedings in a manner that strongly suggests to the jury that the judge disbelieves the defendant's case or otherwise favors the prosecution. *See Liteky v.*

*United States*, 510 U.S. 540, 555-56 (1994); *see also Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). The petitioner's claim falls in the first category.

"[J]udges for the most part are presumptively capable of overcoming [biasing] influences and rendering evenhanded justice; and only a strong, direct interest in the outcome of a case is sufficient to overcome that presumption of evenhandedness." *Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1373 (7th Cir. 1994) (en banc). However, there are some cases where the probability of actual bias by the judge requires his recusal. "Among these cases are those in which the adjudicator has a pecuniary interest in the outcome." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In *Welch v. Sirmons*, 451 F.3d 675, 700 (10th Cir. 2006), the Tenth Circuit found no personal interest when "the lead investigator, and consequently a key witness, in the case was the trial judge's son." Likewise in *Dyas v. Lockhart*, 771 F.2d 1144, 1146 (8th Cir. 1985), the prosecuting attorney was the trial judge's nephew, the two deputy prosecuting attorneys were the judge's brother and son, and the court reporter was the judge's wife. The Eighth Circuit found that the judge did not have a personal interest in the outcome of the trial.

The record does not support the petitioner's claim. Judge Andrews stood to gain nothing personally from the petitioner's conviction. Perhaps good judgment might have suggested recusal in this case to avoid the appearance of impropriety, given the trial judge's extrajudicial supervisory position over one of the victims. However, the petitioner has not brought to the Court's attention any state statute or regulation that mandated recusal, nor has he developed the record to demonstrate that the formal relationship improperly influenced the trial judge's impact on the case beyond the tolerance of the Due Process Clause. The petitioner is not entitled to relief on his claim of judicial bias.

E.

The petitioner's last claim is that he is entitled to habeas relief because his sentence is disproportionate and constitutes cruel and unusual punishment. In making this claim, he also challenges the Michigan Parole Board's refusal to release him on parole. These claims lack merit.

First, to the extent that the petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). "A federal court may not issue the writ on the basis of a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Second, the petitioner is not entitled to relief on his claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583.

Moreover, Michigan law allows the prison term given for this offense. Mich. Comp. Laws § 750.335a. The petitioner was sentenced to concurrent terms of one day to life imprisonment on his sexual delinquency convictions. This sentence was within the statutory maximum, and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (citation omitted).

"As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin*, 213 F.3d at 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). There is no Eighth Amendment violation in this case. Habeas relief is not warranted on this basis.

Finally, the petitioner is not entitled to habeas relief on his claim that he has been improperly denied release on parole. Contrary to his assertions, the petitioner has no liberty interest in being released on parole. A lawfully convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). However, a petitioner has no constitutionally protected liberty interest in the procedural requirements of state law where the State's discretion to deny parole is broad, as it is in Michigan. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*). Habeas relief is not warranted on this claim.

### III.

For the foregoing reasons, the Court finds the petitioner has not shown that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  August 28, 2007

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2007.
>
>       s/Felicia M. Moses
>       FELICIA M. MOSES